**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**HAMMOND DIVISION**

| | |
|---|---|
| RAQUEL LYNCH,<br><br>Plaintiff,<br><br>v.<br><br>ELITE AMBULANCE COMPANY,<br><br>Defendant. | CAUSE NO.: 2:25-CV-427-TLS-JEM |

## OPINION AND ORDER

This matter is before the Court on the Defendant Elite Ambulance Company's Motion to Dismiss Plaintiff's Complaint [ECF No. 21], filed on May 6, 2026. The pro se Plaintiff Raquel Lynch timely filed a response [ECF No. 36] on July 27, 2026. However, the Defendant has not filed a reply, and the time to do so has passed. Therefore, this matter is ripe for ruling. The Defendant argues that the Plaintiff has failed to sufficiently state a claim for: national origin discrimination under Title VII, retaliation under Title VII, discrimination based on domestic violence survivor status, and disability discrimination under the Americans with Disabilities Act (ADA). For the following reasons, the Court grants in part and denies in part the motion to dismiss, dismissing with prejudice the Title VII retaliation claim and the claim based on domestic violence survivor status.

## LEGAL STANDARD

"A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) challenges the viability of a complaint by arguing that it fails to state a claim upon which relief may be granted." *Camasta v. Jos. A. Bank Clothiers, Inc.*, 761 F.3d 732, 736 (7th Cir. 2014) (citing Fed. R. Civ. P. 12(b)(6); *Gen. Elec. Cap. Corp. v. Lease Resol. Corp.*, 128 F.3d 1074, 1080 (7th Cir. 1997)). When reviewing a complaint attacked by a Rule 12(b)(6) motion, a court construes the

complaint in the light most favorable to the non-moving party, accepts the factual allegations as true, and draws all inferences in the non-moving party's favor. *Bell v. City of Chicago*, 835 F.3d 736, 738 (7th Cir. 2016). "Factual allegations must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). "It is the defendant's burden to establish the complaint's insufficiency." *Gunn v. Cont'l Cas. Co.*, 968 F.3d 802, 806 (7th Cir. 2020).

**FACTUAL BACKGROUND**

The Complaint alleges the following facts. The Plaintiff is a 34-year-old Hispanic female with disabilities. Compl. ¶ 1, ECF No. 1. She worked for the Defendant, Elite Ambulance, as a paramedic from July 23, 2020 through March 28, 2024. *Id*. She was separated from the Defendant by termination. *Id*. Management gave her the reasons for termination of "inability to operate the Chase vehicle" and "cost-cutting." *Id*. However, the true reason was discrimination. *Id*. (citing Exs. 1–5, ECF No. 1-1, pp. 1–14 of 58). She also filed a charge of discrimination with the EEOC, received assistance through the process, and was issued a Right to Sue Notice. *Id*. ¶ 2 (citing Exs. 1, 6–8, ECF No. 1-1, pp. 1–5, 15–19 of 58).

Throughout her employment, especially between August 2023 and April 2024, the Plaintiff was subjected to discrimination based on her disabilities including PTSD. *Id*. ¶ 3. She was also discriminated against as a survivor of domestic violence. *Id*. Despite informing management of her circumstances, the Plaintiff was treated unfairly and ultimately terminated. *Id*. (citing Exs. 9–16, ECF No. 1-1, pp. 20–58 of 58).

As a result of the Defendant's actions, the Plaintiff experienced flare-ups of her medical conditions and significant financial and emotional hardship including difficulty obtaining employment benefits. *Id.* ¶ 4 (citing Exs. 9–13, ECF No. 1-1, pp. 20–52 of 58).

**ANALYSIS**

**A. Title VII Nation Origin Discrimination Claim**

The Complaint alleges that the Plaintiff is Hispanic and that the Defendant terminated her based on discrimination.

The Plaintiff's discrimination claim falls under Title VII, 42 U.S.C. § 2000e–2(a)(1). *See* 42 U.S.C. § 2000e-2(a)(1) ("It shall be an unlawful employment practice for an employer . . . to discharge any individual . . . because of such individual's race, color, religion, sex, or national origin."). The Seventh Circuit Court of Appeals has "stated that a plaintiff alleging employment discrimination on the basis of race, sex or some other factor governed by 42 U.S.C. § 2000e–2 may allege the defendant's intent quite generally: 'I was turned down for a job because of my race' is all a complaint has to say." *E.E.O.C. v. Concentra Health Servs., Inc.*, 496 F.3d 773, 781 (7th Cir. 2007) (quoting *Bennett v. Schmidt*, 153 F.3d 516, 518 (7th Cir. 1998)); *see Tamayo v. Blagojevich*, 526 F.3d 1074, 1084 (7th Cir. 2008) (quoting *Concentra*, 496 F.3d at 781–82); *Thomas v. JBS Green Bay, Inc.*, 120 F.4th 1335, 1338 (7th Cir. 2024) ("But the time to demand evidence is the summary-judgment stage. All the complaint need do is state a grievance. Details and proofs come later.").

Here, the Defendant argues that the Plaintiff's national origin discrimination claim fails because the Complaint does not allege facts supporting a plausible inference that her termination occurred because of her Hispanic ethnicity. The Plaintiff adds in her response that she is also claiming discrimination based on termination by the Defendant because on her mother's side she is of Apache descent.

Drawing the inferences in her favor as the Court must on a motion to dismiss, there are sufficient factual allegations to infer that the Plaintiff was terminated because of her Hispanic ethnicity. *See Concentra*, 496 F.3d at 781. However, the Plaintiff's Complaint does not mention her Apache descent, and the Defendant did not move for dismissal on such basis. Accordingly, the Court finds that the allegations in the Complaint sufficiently state a claim for discrimination for termination by the Defendant based on the Plaintiff's Hispanic ethnicity. Accordingly, the Court denies the Defendant's motion to dismiss as to the Plaintiff's discrimination claim based on her national origin.

**B. Title VII Retaliation Claim**

With respect to the Plaintiff's allegation that she suffered discrimination based on her Hispanic ethnicity, the Plaintiff offers no response to the Defendant's argument that a claim by the Plaintiff for retaliation under Title VII fails because the Complaint does not plausibly allege that she engaged in protected activity that caused her termination.

Title VII prohibits an employer from discriminating against an employee "because [she] has opposed any practice made an unlawful employment practice by" Title VII. 42 U.S.C. § 2000e–3(a). For a retaliation claim under Title VII, the Plaintiff must allege that she "engaged in activity that is protected by" Title VII. *See O'Leary v. Accretive Health, Inc.*, 657 F.3d 625, 631 (7th Cir. 2011). That is she must allege that she "took some step in opposition to a form of discrimination that [Title VII] prohibits." *Id.* As set forth above, Title VII prohibits "an employer . . . [from] discharge[ing] any individual . . . because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a)(1).

Here, although the Plaintiff argues that the Complaint alleges that she was terminated because she informed the Defendant of her medical condition of PTSD, informing an employer

of a medical is not an activity protected under Title VII. *See* 42 U.S.C. § 2000e-2(a)(1). Because the Plaintiff has not identified any other basis for a Title VII retaliation claim, the Court grants the Defendant's motion to dismiss the claim.

**C. Domestic Violence Survivor Status Discrimination Claim**

In the Complaint, the Plaintiff alleges that the Defendant also discriminated against her as a survivor of domestic violence.

The Defendant argues that the Plaintiff's claim based on domestic violence survivor status fails because such status is not recognized as a protected category under Title VII, the ADA, or any other federal employment discrimination statute. The Defendant also argues that the Plaintiff's claim based on domestic violence survivor status should be dismissed with prejudice. In her response, the Plaintiff clarifies that her domestic violence survivor status allegations are background facts and provide context for her PTSD disability allegations. The Plaintiff also clarifies that she is not putting forth her domestic violence survivor status as a basis for federal protection. She does not argue against the Court dismissing the domestic violence survivor status claim with prejudice.

Accordingly, the Court grants the Defendant's motion to dismiss with prejudice the Plaintiff's claim based on domestic violence survivor status.

**D. Disability Discrimination Claim**

Title I of the ADA prohibits an employer from "discriminat[ing] against a qualified individual on the basis of disability in regard to . . . discharge of employees, employee compensation, . . . and other terms, conditions, and privileges of employment." 42 U.S.C. § 12112(a). "The term 'disability' means . . . (A) a physical or mental impairment that substantially limits one or more major life activities of such individual; (B) a record of such an

impairment; or (C) being regarded as having such an impairment . . . ." 42 U.S.C. § 12102(1). "The ADA then defines 'discriminat[ing] against a qualified individual on the basis of disability' to include disparate treatment *and* failure to accommodate: 'not making reasonable accommodations to the known physical or mental limitations of an otherwise qualified individual with a disability who is an applicant or employee . . . .'" *Scheidler v. Indiana*, 914 F.3d 535, 541 (7th Cir. 2019) (quoting 42 U.S.C. § 12112(b)(5)(A)).

Here, the Defendant argues that the Complaint fails to state a viable claim under the ADA because it does not plead facts supporting a plausible inference that any adverse employment action was taken because of a disability, nor does it allege facts establishing a legally sufficient failure-to-accommodate claim. However, the Defendant does not set forth the pertinent legal standard for pleading a sufficient claim for "disparate treatment" or "failure to accommodate" under Title I of the ADA. Accordingly, the Defendant waives any such argument on the insufficiency of the Plaintiff's claim for discrimination under Title I of the ADA, and thus, the Court need not address any such argument. *See Mahaffey v. Ramos*, 588 F.3d 1142, 1146 (7th Cir. 2009) ("Perfunctory, undeveloped arguments without discussion or citation to pertinent legal authority are waived."). Therefore, the Court denies the Defendant's motion to dismiss as to the Plaintiff's disability discrimination claim.

## CONCLUSION

For the above reasons, the Court hereby GRANTS in part and DENIES in part the Defendant Elite Ambulance Company's Motion to Dismiss Plaintiff's Complaint [ECF No. 21], dismissing without prejudice any retaliation claim under Title VII and dismissing with prejudice the discrimination claim based on domestic violence survivor status. This case remains pending on the discrimination claim based on the Plaintiff's national origin under Title VII, the ADA retaliation claim based on the Defendant's termination of the Plaintiff after she informed the

Defendant of her medical condition—PTSD, and the disability discrimination claim under the ADA.

SO ORDERED on September 9, 2026.

s/ Theresa L. Springmann
JUDGE THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT